## Sivatharan NATKUNANATHAN, Plaintiff—Appellant,

v.

## UNITED STATES of America, Defendant—Appellee.

### No. 11–55025.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 12, 2012.

Sivatharan Natkunanathan, Irvine, CA, pro se.

Robert Joel Branman, I, Esquire, U.S. Department of Justice, Washington, DC, Daniel W. Layton, Esquire, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Defendant–Appellee.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

### MEMORANDUM **

Sivatharan Natkunanathan appeals pro se from the district court's order dismissing his action seeking refunds or credits for overpayment of federal income taxes with respect to tax years 1991 to 2009. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Arrington v.*

*Wong,* 237 F.3d 1066, 1069 (9th Cir.2001). We affirm.

The district court properly dismissed Natkunanathan's action as time-barred because Natkunanathan filed the refund claims for the relevant years more than three years after he filed the original returns. *See* 26 U.S.C. § 6511(a) (requiring claim for refund of overpaid taxes to be filed within three years of the time the return was filed); *Comm'r v. Lundy,* 516 U.S. 235, 240, 116 S.Ct. 647, 133 L.Ed.2d 611 (1996) (timely filing of a refund claim is a jurisdictional prerequisite to bringing suit in district court). Contrary to Natkunanathan's contentions, the complaint failed to allege facts sufficient to support entitlement to the seven-year statute of limitations for filing a refund claim for certain debts or losses under 26 U.S.C. § 6511(d)(1). *See Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Natkunanathan's remaining contentions are unpersuasive.

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.